# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LOVELL RONNIE GREEN,**

    Petitioner,

v.                                                Case No. 8:07-cv-987-T-30TBM

**STATE OF FLORIDA and ATTORNEY**
**GENERAL, STATE OF FLORIDA,**

    Respondents.
_____/

## ORDER

THIS CAUSE comes before the Court upon the petition of Lovell Ronnie Green (hereinafter "Petitioner" or "Green") for a writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1), Respondent's Answer (Dkt. #10), and Petitioner's Reply (Dkt. #14). After reviewing the aforesaid documents, supporting memoranda of law, and the record, the Court determines that the petition should be denied because it fails to meet the requirements of 28 U.S.C. §2254(d) and (e).

## BACKGROUND

Green was convicted by a jury of two counts of sale and possession of cocaine. On July 2, 2003, he was sentenced as an habitual felony offender to twenty years in prison on count one and a concurrent five year sentence on count two. Green appealed and on May 21, 2004, the appellate court *per curiam* affirmed without written decision. Green v. State, 875

So. 2d 607 (Fla. 2d DCA 2004) [table]. Green did not seek certiorari review in the United States Supreme Court.

Green filed a *pro se* petition for writ of habeas corpus with the appellate court on September 24, 2004, in which he claimed his appellate counsel rendered ineffective assistance. The appellate court dismissed the petition on November 1, 2004. Green v. State, 895 So. 2d 416 (Fla. 2d DCA 2004) [table].

Green filed a *pro se* motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 on March 9, 2005. He raised seven grounds for relief. The post-conviction court summarily denied three grounds (claims four through six) and required the state to respond to the remaining claims. After considering the state's response, the post-conviction court denied claim one and ordered an evidentiary hearing on claims two, three, and seven. At the evidentiary hearing on May 19, 2006, Green decided not to argue or present evidence on claim two. On August 15, 2006, the post-conviction court denied all remaining 3.850 claims.

Green appealed the denial of the 3.850 relief. On March 23, 2007, the appellate court *per curiam* affirmed without written decision. Green v. State, 951 So. 2d 840 (Fla. 2d DCA 2007) [table]. The mandate issued April 13, 2007.

Green filed this present petition under 28 U.S.C. §2254 on May 29, 2007, raising three grounds:

**Ground One**: Ineffective assistance of counsel: for failure to move for a curative instruction or mistrial due to State's improper closing arguments.

**Ground Two**: Ineffective assistance of trial counsel: for making comments to the jury that implied the Petitioner was guilty by association.

**Ground Three**: Ineffective assistance of trial counsel: for failing to move for a sufficient judgment of acquittal.

## STANDARD OF REVIEW

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. §2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

(1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

In Williams v. Taylor, 529 U.S. 362, the Supreme Court held:

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Additionally, federal habeas relief is available under the "unreasonable application" standard only if the state court's application of clearly established federal law was "objectively unreasonable." Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001).

All of Petitioner's grounds are ineffective assistance of counsel claims. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984) (hereinafter the Strickland test). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Eleventh Circuit has held that "[w]hen applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds. Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998). "To state the obvious: trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)).

Under Strickland, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

In analyzing Petitioner's claims, therefore, this Court is restrained to decide whether the state courts unreasonably applied the Strickland test to Petitioner's claims or made an unreasonable determination of the facts from the evidence presented.

## DISCUSSION

**Ground One**: INEFFECTIVE ASSISTANCE OF COUNSEL: FOR FAILURE TO MOVE FOR A CURATIVE INSTRUCTION OR MISTRIAL DUE TO STATE'S IMPROPER CLOSING ARGUMENTS.

Green contends the prosecutor made four comments that were prejudicial to him and were not supported by the evidence or fair comment in response to defense arguments. He claims his trial lawyer was ineffective for not requesting a curative instruction or mistrial.

The state post-conviction court denied this claim because it determined that the statements were appropriate. Under Florida law, trial counsel is permitted wide latitude in arguing to a jury. Breedlove v. State, 413 So. 2d 1 (Fla. 1982). Federal law also allows wide latitude in this regard. To prevail under federal law, Petitioner must show the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. Darden v. Wainwright, 477 U.S. 178 (1986).

The state post-conviction court analyzed each of the statements complained of and stated:

In claim one, the Defendant contends that counsel was ineffective in failing to object to comments made during the State's closing argument. He cites four specific comments.

The first comment the Defendant contends is improper is when the prosecutor stated, "These officers are out there. They don't have tape measures. They don't have - - step on this scale please. Oh, and show me your big mouth so I can check out your teeth." *Exhibit A: pg. 175*. The Defendant contends these statements are improper because they are inflammatory and defile his character. The State contends that these statements were invited by the Defense and were made to counter the Defense argument that the police officers were unable to see that the Defendant was missing his four front teeth. *Exhibit A: pp. 169-170*.

The court agrees with the State that the statements at issue were invited by the Defense. The court finds that when looked at in context, it is evident that the statements were invited by the Defense and lawfully made to counter a specific Defense argument. *See Austin v. State*, 700 So. 2d 1233 (Fla. 4th DCA 1997).

The second comment the Defendant contends is improper is when the prosecutor stated, "What was their degree of attention? . . . Their degree of attention is very high. . . .They are not just casual observers walking down the street. . . where they see something or something happens real fast and the crime is over within a matter of seconds, a robbery at a bank or a 7-Eleven or whatever it may be. . ." *Exhibit A: pg. 183*. The Defendant contends these statements are improper because the State is referencing a crime that did not occur and arguing non-existent facts. The State contends that these statements are a hypothetical situation used to compare a person's observations of a fast crime, such as a robbery, versus a slow crime, such as a drug transaction. The State also argues that the comments were invited by the Defense when the Defense attacked the officer's observations during closing argument. *Exhibit A: pp. 168-173*.

The court agrees with the State that the comments at issue are a hypothetical raised for comparative purposes. A hypothetical in this limited context is permissible because it does not comment on the Defendant's failure to testify or his right to remain silent. *See Holmes v. State*, 757 So. 2d 620 (Fla. 3d DCA 2000). The court further finds that the comments at issue were invited by the Defense and lawfully made to counter a specific Defense argument. *See Austin*, 700 So. 2d 1233.

> The third comment the Defendant contends is improper is when the prosecutor stated, "Did he know a police officer was coming there? Why is he trying to leave the place where he lives by climbing over the back fence? Pretty awfully suspicious. Sounds like he's trying to get away from the police . . ." *Exhibit A: pg. 176*. The Defendant contends that these statements are improper because it is the prosecutor's persona' opinion and not record evidence. The State contends that these statements are a legitimate theory being offered based on the evidence presented at trial. *Exhibit A: pp. 144-147*.
>
> The court agrees with the State that the comments at issue constitute an inference reasonably drawn from the evidence presented at trial. *See Bertolotti v. State*, 476 So. 2d 130 (Fla. 1985). There is nothing improper about arguing such a theory. *Id*. at 134.
>
> The fourth and final comment the Defendant contends is improper is when the prosecutor stated, "Well, the only thing he has discarded in that time period is the black cap." *Exhibit A: pg. 176*. The Defendant contends this statement is improper because it was a comment on evidence not presented at trial. The State argues that again, the prosecutor was merely arguing a theory supported by the evidence. *Exhibit A: pp. 104-106, 112, 121, 132, 144-147, 152-153*.
>
> The court agrees with the State that the comments at issue constitute an inference that can be drawn from the evidence. The evidence includes testimony that the Defendant's initial description included a black cap, and when he was found moments later, he did not have the black cap. The inference that the Defendant had discarded his black cap is a reasonable conclusion drawn from the evidence. *See Bertolotti*, 476 So. 2d at 134.
>
> Overall, the court finds that none of the prosecutor's comments mentioned above were improper, and there was no reason for the Defendant's counsel to object. Therefore, counsel was not ineffective. This claim is denied.

(Resp. Ex. 9)

It is not within the province of this Court to determine whether the state courts properly resolved an issue of state law. That is for the state courts to decide. Herring v. Secretary, Dept. of Corrections, 397 F. 3d 1338 (11th Cir. 2005). Since the state court determined that the comments in question were appropriate under state law, Green's trial

counsel did not perform deficiently by not requesting a curative instruction or mistrial. It is not deficient performance to fail to object to matters that are not objectionable. And, had the objection been made by trial counsel, it would have been overruled by the trial court and the comments allowed to stand. Therefore, there was no prejudice. This claim fails both prongs of the Strickland test and will be denied.

**Ground Two**: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL: FOR MAKING COMMENTS TO THE JURY THAT IMPLIED THE PETITIONER WAS GUILTY BY ASSOCIATION.

In support of ground two, Green argues:

> Trial counsel's performance was deficient because it implicates the possibility that the defendant would be found guilty by association. Had counsel observed the defendant's objection, the jury would not have been aware of this evidence, lending (sic) to a reasonable probability of a different outcome.

The evidence against Green was strong. He was identified at the scene by police officers. Green's trial counsel thought the only defense available was to argue misidentification. Counsel thought he had to explain Green's presence in the neighborhood and therefore decided to acknowledge that the defendant lived in the area.

The state post-conviction court held an evidentiary hearing on this issue and concluded that defense counsel had used reasonable trial strategy. The post-conviction court said:

> In claim three, the Defendant contends that counsel was ineffective in making certain comments to the jury. Specifically, he contends counsel should not have mentioned that the area the Defendant lived in, which is where the offense occurred, was known for drug activity. He argues that he was prejudiced because he was charged with a drug related offense, and counsel told the jury that the Defendant lived in an area known for drug activity.

At the hearing, the Defendant testified that he believed his counsel did not defend him in a fair way. The Defendant testified that he believed counsel associated him with drugs and argued that the court should have listened to the Defendant's objection on this point. [FN]1 On cross-examination by the State, the Defendant admitted that he had approximately fifteen prior felony convictions.

> 1 Any claims that the trial court erred are not cognizable here. *See Bruno*, 807 So. 2d 55.

Also at the hearing, the Defendant's trial counsel, Michael Fluke, testified. Mr. Fluke testified that he met the Defendant three or four time (sic) prior to trial. The Defendant was identified at the scene by police officers, so Mr. Fluke had to explain the Defendant's presence in the neighborhood and decided to tell the jury that the Defendant lived in the neighborhood. Mr. Fluke testified that this strategy was necessary to pursue a defense of misidentification. He also testified that based on his discussions with the Defendant, the misidentification strategy was the only defense he could ethically pursue. Finally, Mr. Fluke testified that the Defendant did not object to this strategy until the morning of trial, and by the time he objected, there were no other options to use.

The court finds that Mr. Fluke's testimony was credible, and that the misidentification strategy was reasonable given the State's case and the information he received from the Defendant. *See Pardo v. State*, 31 Fla. L. Weekly S455 (June 29, 2006). Additionally, the court finds that there is nothing improper about counsel pursuing a strategy that the Defendant did not agree with, especially in light of the fact that the Defendant did not provide any reasonable alternative strategy that counsel could ethically pursue. Overall, the court finds that the Defendant has failed to establish that counsel's performance was deficient. The claim is denied.

(Resp. Ex. 10)

The state post-conviction court properly analyzed this claim under Strickland. Many competent lawyers would have used this same strategy in defending Green. In fact, as noted by the state post-conviction court, Green has not pointed to any alternative strategy that counsel could have used in defending him. In short, counsel's performance was not

deficient. And, given the strong evidence against Green including testimony that he was the one who made the sale and thus was obviously "in the area," the acknowledgment by trial counsel that Green lived in the area was not prejudicial. Therefore, this claim fails both prongs of the Strickland test and will be denied.

**Ground Three**: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL: FOR FAILING TO MOVE FOR A SUFFICIENT JUDGMENT OF ACQUITTAL.

Green was charged with the sale of cocaine to an undercover officer. The officer had used money that had been previously marked, but when Green was arrested, the marked money was not recovered. Green makes the following argument in support of ground three:

> The Petitioner was charged with sale of cocaine, yet during the trial, defense counsel not once inquired into the legal ramifications of the marked money not being recovered to constitute a sales charge. Also, Defense counsel failed argue (sic) the fact that the State that (sic) must prove that before a jury can find the petitioner guilty of sale of cocaine, the State must prove something of value was exchanged for the rock cocaine.

Apparently, Green is under the impression that if the marked money is not recovered, the State has failed to prove that something of value was exchanged during the transaction. But the State did offer proof that something of value was exchanged - $20.00. In fact, Green acknowledges in his petition that the officer testified that he gave Green $20.00 in exchange for the rock cocaine:

> During trial, Detective Ross Smith of the Clearwater Vice Narcotics Unit, was called to testify as a state's witness. Detective Smith testified that he handed the Petitioner a twenty (20) dollar bill in exchange for rock cocaine.

(Petition, p. 9B)

> The state post-conviction court analyzed this claim as follows:
>
> > In claim seven, the Defendant contends that counsel was ineffective in failing to move for a judgment of acquittal based on the lack of evidence to establish that money was exchanged for the cocaine. Specifically, he alleges that the State did not establish that something of value was exchanged because the State did not have the photocopy of the marked $20 bill that was used to purchase the cocaine. He further asserts that he was prejudiced by this failure, because the State failed to establish one of the elements of the crime.
> >
> > To prevail on such a claim, the Defendant must establish that a motion for judgment of acquittal had a likelihood of success. *See Rogers v. State*, 567 So. 2d 483 (Fla. 1st DCA 1990). When a defendant moves for a judgment of acquittal he admits all facts adduced in evidence and every conclusion favorable to the State that a jury might reasonably and fairly infer from the evidence. *Burke v. State*, 672 So. 2d 829 (Fla. 1st DCA 1995). Here, the State argues that it introduced evidence in the form of uncontested eyewitness testimony from the police officer. *Exhibit A pg 103-111*.
> >
> > The court finds that any motion for judgment of acquittal would have been unsuccessful because the eyewitness testimony was sufficient to establish that money was exchanged for the cocaine. Therefore, there was no ineffective assistance of counsel. The claim is denied.

(Resp. Ex. 10)

The state post-conviction court properly determined that the evidence submitted by the State on this issue was sufficient to overcome a motion for judgment of acquittal. The mere fact that some of the evidence at trial supports a defendant's claim of innocence does not entitle him to a judgment of acquittal where competing evidence exists to support a theory of guilt. And, the existence of some evidence supporting a defendant's innocence does not warrant habeas relief. Conklin v. Schofield, 366 F. 3d 1191 (11th Cir. 2004).

Green is factually incorrect when he contends that the state did not offer evidence that something of value was exchanged in the transaction. A motion for judgment of acquittal

on this ground would have been denied. The state post-conviction court said as much in its analysis of the claim. Green's defense counsel's performance was not deficient in this regard. Further, since a motion for judgment of acquittal on this ground would have been denied, Green was not prejudiced. This claim fails both prongs of Strickland and will be denied.

## **CONCLUSION**

All three claims in Green's petition are without merit and, therefore, the petition must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on March 16, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2007\07-cv-987.deny 2254.frm